PER CURIAM.
Relying upon Florida Rule Appellate Procedure 9.130(a)(3)(C)(vii), the Board of Education seeks review of a non-final order by which the trial court determined that the Board is not entitled to immunity as to various counts of a complaint arising under federal law. But the rule specifically limits its application to claims of “absolute or qualified immunity in a civil rights claim arising under federal law....” As was recently observed by the fourth district, these words are intended to cover only the kind of immunity — absolute or qualified — claimed by individual officials who are not entitled to the “constitutional design” immunity protected by the Eleventh Amendment. See Jenne v. Maranto, 825 So.2d 409(Fla. 4th DCA 2002). The Board is obviously not an individual official lacking entitlement to constitutional design immunity. Accordingly, because the rule does not provide a basis for our exercise of jurisdiction, and because the Board does not wish this court to review the non-final order pursuant to our certiorari jurisdiction, this appeal is dismissed and the Board’s pending motions are denied as moot.
ALLEN, C.J., BOOTH and BROWNING, JJ., concur.